IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2020

**STATE OF TENNESSEE v. SCOTT A. BROWN**

**Appeal from the Criminal Court for Clay County**
**No. 2018-CR-3     Gary McKenzie, Judge**

_____

**No. M2019-00988-CCA-R3-CD**

_____

The Defendant, Scott A. Brown, pled guilty to one count of statutory rape, a Class E felony, and one count of possession of more than .5 grams of methamphetamine with intent to sell, a Class B felony, in exchange for an effective sentence of eight years in the Department of Correction. Following a hearing to determine whether the Defendant should be placed on the sex offender registry, the trial court ordered that the Defendant be placed on the registry, which decision the Defendant now appeals. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Craig P. Fickling, District Public Defender; and Tyler W. Lannom (on appeal), and Jennifer M. Kollstedt (at hearing), Assistant Public Defender, for the appellant, Scott A. Brown.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Jackson W. Carter and Mark Edward Gore, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Defendant was indicted for four counts of the statutory rape of a minor between the ages of fifteen and eighteen, who was approximately ten years younger than him, on

various dates between December 2016 and January 2018. The Defendant entered a plea agreement, under which he pled guilty to the first count of statutory rape, and the remaining counts were dismissed. He also pled guilty in another case to possession of methamphetamine with intent to sell, but the record does not contain the indictment or judgment from the drug case, and it is not relevant to this appeal. The Defendant reserved for later determination the issue of whether he should be required to register as a sex offender. To assist in this determination, the trial court ordered the preparation of a presentence report and psychosexual examination, and the Defendant submitted a lengthy sentencing memorandum.

At the sentencing hearing, Kristen Raines, a probation officer, testified as to her preparation of the Defendant's presentence report. Ms. Raines stated that the victim was sixteen years old and the Defendant was twenty-six years old when the relationship began. She determined that the Defendant was on probation for possession of a handgun and counterfeiting out of Indiana at the time of his relationship with the victim. In response to a written questionnaire given to the Defendant, the Defendant essentially denied committing the offense, saying:

> I got involved at first because she told me she was of age, and come to f[i]nd out she wasn't. Nothing ever happened. She kept calling and showing up where I was at, my house and places. If she needed a ride home from the bar because she's drunk, because she has her sister's ID, or at a drug house and wants to go home, I would take her, along with anyone else, because, to me, that's the right thing to do. I have a younger sister and brother[] and just see it as something like taking care of some of my friends. Nothing more.

However, Ms. Raines acknowledged that the Defendant admitted guilt in the version of his conduct he gave to the police. In the Defendant's statement to the police, contained within the presentence report, the Defendant stated:

> [H]e met [the victim] one time in Clay County[,] and [the victim] got in the car with him. [The victim] started coming on to him, kissing him, and grabbed his penis and put the head of his penis inside her. [The victim] told [the Defendant] she was 18 years old. [The Defendant] stated that he would not have done this or even talked to [the victim] if he had known [the victim] was not 18 years old.

The victim impact statement, which comprised a portion of the presentence report, was completed by the victim's father. The psychosexual evaluation was attached to the

presentence report, but the trial court determined that it would not be considered because the State did not present the testimony of the doctor who performed the examination.

Ms. Raines noted that the Defendant pled guilty to contributing to the delinquency of a minor in Overton County while he was out on bond in the statutory rape case for having contact with the victim after being instructed by the Clay County court not to have any further contact with the victim. The Overton County court also restricted the Defendant from having further contact with the victim. Nonetheless, Ms. Raines learned that the victim visited the Defendant in jail on five occasions, and there was evidence the Defendant sent letters to the victim from jail.

Ms. Raines recalled that the Defendant told her that he had not received any write-ups while in jail, but she learned that the Defendant had been hiding a cellphone in his jail cell causing him to lose his trustee status. The Defendant relayed a history of employment, but Ms. Raines had not verified whether it was true. Ms. Raines concluded that, if the Defendant was placed on probation, he should be subject to the maximum level of supervision.

The victim's father testified that the victim was the youngest of his three daughters. After the victim turned seventeen, she divulged to him that she had been having sex with the Defendant and thought she was pregnant. The victim's father invited the Defendant over under the pretext of getting to know him but with the actual intent of getting him "to admit to what he had been doing[.]" The Defendant acknowledged to him that he "was aware that she was not of age . . . [and] that he was doing something that he shouldn't have been doing." The Defendant admitted to several sexual incidents with the victim. The victim's father recorded the conversation and gave the recording to law enforcement.

The victim's father testified that a week after the Defendant was arraigned on the statutory rape charges and ordered to stay away from the victim, he happened to see the two of them together in a parking lot in Overton County. The victim's father confronted them, and he and the Defendant had a brief physical alteration. The victim's father also recalled another incident when the victim was in State custody because of something involving the Defendant, and the Defendant helped her escape.

The victim's father said that the victim tried to commit suicide when he told her that she could no longer see the Defendant. He later learned that the Defendant was giving the victim methamphetamine during the time of their involvement, and that the victim had since concluded "that the only reason she was with him was . . . for the free drugs." The victim's father recorded in his victim impact statement that the victim had told him that the Defendant "would lock her in the bathroom and hold her against her will," and that the Defendant threatened the victim not to see anyone else while he was in jail.

After the conclusion of the testimony and arguments of the parties, the trial court ordered that the Defendant register as a sex offender. In making this determination, the trial court noted that it considered the testimony from the hearing, as well as the contents of the presentence report and facts and circumstances of the case. The trial court noted that there were multiple encounters between the Defendant and the victim, and that the ten-year age difference between them was very relevant bordering on "a different level of statutory rape[.]" The trial court observed that the Defendant tried to avoid responsibility in his statement to the presentence report officer, "giv[ing] excuses, and . . . not, in any form or fashion in his statement, . . . tak[ing] responsibility for his acts." The trial court also considered that the Defendant did not stay away from the victim after being instructed by the court to do so. The court further considered the victim's father's testimony "and what he had been through in this case[.]" The court summarized:

> So, we've got an individual who obviously, as far as this [c]ourt can tell, is not really concerned with the system and the rules that are placed upon him. He doesn't seem to care. He's on probation, he commits offenses. He's told to stay away from the victim, he commits new offenses with the victim.
>
> And so taking a look at all of those things, the Sex Offender Registration is there, and it is, was enacted in the law because these types of offenses, there is concern of reoffending, which seems to be, the [D]efendant was very much in contact with the victim throughout the pendency of this case up until the plea. Those are the very things and the reason that the Sex Offender Registry exist in the first place.

## ANALYSIS

On appeal, the Defendant argues that this court should review the trial court's decision to place him on the sex offender registry under a de novo standard of review with no presumption of reasonableness and that the trial court abused its discretion in placing him on the registry.

Initially, we observe that this court has determined that the proper standard of review for a trial court's decision to place a defendant on the sex offender registry is "an abuse of discretion accompanied by a presumption of reasonableness." State v. Ryan Patrick Broadrick, No. M2017-01136-CCA-R3-CD, 2018 WL 4203883, at *7 (Tenn. Crim. App. Sept. 4, 2018), perm. app. denied (Tenn. Jan. 16, 2019). This court in Ryan Patrick Broadrick stated that it was addressing the proper standard of review "to avoid further confusion" on the issue, id. at *6, and the decision discussed the discretionary language in the statute that the "trial judge may order . . . that the person be required to register as a

- 4 -

sexual offender . . . ."[1]  Id. at *7.  The Defendant claims that this court has not yet determined the proper standard of review, but he fails to acknowledge the holding in Ryan Patrick Broadrick much less present a compelling argument for why this court should not follow that case.

Turning to the trial court's decision to place the Defendant on the sex offender registry, the Defendant asserts that the decision was improper because he posed a low risk to reoffend and there were not sufficient facts placed on the record to support the court's ruling.  The Defendant claims that the trial court apparently based its decision on sympathy for the victim's father.  He summarizes that he engaged in consensual sex with a girl who was almost of age, "this was not a scenario in which [he] was preying on a young child."

Under the statute, in determining whether to require a defendant to register as a sex offender, the trial court must "tak[e] into account the facts and circumstances surrounding the offense, including the offense for which the person was originally charged and whether the conviction was the result of a plea bargain agreement[.]"  Tenn. Code Ann. § 39-13-506(d)(2)(B).  The Defendant seemingly argues that the trial court's reasoning was "not sufficient to sustain an order requiring [him] to register as a sex offender[.]"  However, the trial court clearly articulated its reasons for requiring registration.

The record shows that the trial court considered the circumstances of the offense, noting that there were multiple encounters between the Defendant and the victim, and that the ten-year age difference between them bordered on "a different level of statutory rape[.]"  The court also considered that the Defendant tried to avoid responsibility for his actions in his statement to the presentence report officer.  The court further considered that the Defendant disregarded the instruction not to have contact with the victim and "was very much in contact with the victim throughout the pendency of this case up until the plea."  (III: 58)  The trial court did note the impact on the victim's father, but only after proper discussion of the aforementioned factors.  See Ryan Patrick Broadrick, 2018 WL 4203883, at *8 ("[W]hen making a decision to place a defendant on the sex offender registry, trial courts must consider 'the facts and circumstances surrounding the offense' and may consider any additional relevant factors.").  We discern no abuse of discretion in the trial court's requiring the Defendant to register as a sex offender.

## CONCLUSION

---

[1] Tennessee Code Annotated section 39-13-506(d)(2)(B) provides: "In addition to the punishment provided for a person who commits statutory rape for the first time, the trial judge may order, after taking into account the facts and circumstances surrounding the offense, . . . that the person be required to register as a sexual offender[.]" (emphasis added).

- 5 -

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE